**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4004-18T2

SFC CHRISTOPHER JOHN
CAMPBELL and NEW JERSEY
STATE TROOPERS NCO
ASSOCIATION,

     Plaintiffs-Appellants,

v.

NEW JERSEY DEPARTMENT
OF LAW AND PUBLIC SAFETY
and GURBIR S. GREWAL,
ATTORNEY GENERAL,

     Defendants-Respondents.

_____

Argued October 15, 2020 – Decided  December 4, 2020

Before Judges Alvarez, Sumners, and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2597-18.

Mark A. Gulbranson, Jr., argued the cause for appellants (Attorneys Hartman, Chartered, attorneys; Mark A. Gulbranson, Jr., and Katherine D. Hartman, on the briefs).

Stephanie R. Dugger, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Stephanie R. Dugger, on the brief).

PER CURIAM

Plaintiff Christopher John Campbell, a New Jersey State Police Sergeant First Class, appeals from a May 15, 2019 order transferring the matter from the Law Division to the Appellate Division. We affirm.

Campbell was promoted to sergeant, a position that includes supervisory responsibility, on May 13, 2014. Campbell, who prior to that time had no disciplinary infraction history, was involved in two incidents occurring in August and December 2015. As a result of the disciplinary proceedings brought against him, he entered into a guilty plea on June 1, 2017, and received a written reprimand. In addition, Campbell was required to participate in training after a New Jersey State Police Office of Equal Employment Opportunity/Affirmative Action (EEO) investigation found he failed to report a subordinate's allegations.

On February 23, 2018, the New Jersey State Police Superintendent recommended Campbell for promotion. The Attorney General, however, rejected the recommendation, denied the promotion, and stated only that the

office had reviewed the "promotional package and disciplinary history[.]" Campbell was advised of the denial on April 18, 2018.

On October 5, 2018, Campbell requested a statement of reasons for the denial. The Attorney General responded that having exercised his authority pursuant to N.J.S.A. 53:1-5.2, no further explanation would be provided. On October 16, Campbell requested a hearing, and the Attorney General refused.

On December 14, 2018, Campbell and the New Jersey State Troopers Non-Commissioned Officers Association[1] filed an action in lieu of prerogative writs. Finding the court did not have jurisdiction to address the matter because the Attorney General's refusal to promote was a final agency decision, Judge Mary C. Jacobson transferred the matter. See R. 2:2-3(a)(2) (appellate courts "review final decisions or actions of any state administrative agency officer"); Prado v. State, 186 N.J. 413, 422 (2006).

We denied the Attorney General's motion to dismiss the appeal as untimely but granted the application to amplify the record. The Attorney General's certification that followed included:

> after reviewing SFC Campbell's promotional package and disciplinary history, in particular the substantiated

---

[1] A third plaintiff, the New Jersey State Troopers Fraternal Association withdrew from the litigation after the matter was transferred to the Appellate Division.

charges of [d]isobeying a [w]ritten [o]rder, [c]ursing, and [i]nappropriate [a]ctions [t]owards [a]nother [m]ember in 2017, for which SFC Campbell pled guilty and received verbal counseling and a written reprimand, Attorney General did not believe a promotion to a higher supervisory position was appropriate at the time.

The certification explained the discipline resulted from two incidents. During the August 2015 incident, Campbell used profanity and ordered a subordinate to "sit down and shut up." During the December 2015 incident, Campbell "engaged in a heated verbal argument with another enlisted member." The certification added that Campbell "was also the subject of an EEO investigation that resulted in training because he failed to report a subordinate's EEO allegations." The certification ended by noting Campbell "will be considered for promotional opportunities in the future."

Now on appeal, Campbell raises the following points of error:

I. AS SGT. CAMPBELL'S CHALLENGE WAS APPROPRIATELY BROUGHT AS AN ACTION IN LIEU OF PREROGATIVE WRITS, THE TIME BAR DOES NOT APPLY (Not Raised Below).

A. THE CHALLENGE FALLS WITHIN THE EXCEPTION TO THE EXCLUSIVE JURISDICTION PROVISION OF RULE 2:2-3(a) (Not Raised Below).

B. THE TIME BARS DO NOT APPLY (Not Raised Below).

II. THE ATTORNEY GENERAL'S DECISION WAS ARBITRARY AND CAPRICIOUS (Not Raised Below).

III. THE ATTORNEY GENERAL'S DECISION WAS ULTRA VIRES (Not raised below).

We first briefly address the contention that the transfer of the matter was error, based on plaintiff's argument that it was properly brought as an action in lieu of prerogative writ, to which the time bars did not apply because of the dates of the Attorney General's responses. Now on appeal, Campbell argues for the first time that the transfer was a mistake of law because this case falls within an exception to Rule 2:2-3(a). See Montclair Tp. v. Hughey, 222 N.J. Super. 441, 446 (App. Div. 1987) (noting a Rule 2:2-3(a) exception "where the proposed administrative action has not been preceded by the creation in the agency of a record which is amenable to appellate review.").

It is fundamental that the Appellate Division has exclusive jurisdiction to review final decisions made by a state agency—Campbell does not dispute this well-established principle. See Prado, 186 N.J. at 422-23; Strategic Envtl. Partners, LLC v. N.J. Dep't of Envtl. Prot., 438 N.J. Super. 125, 138 (App. Div. 2014). Nonetheless, Campbell contends that the absence of a more fulsome

record and explanation constitutes a basis for an exception to the jurisdictional rule.

This argument lacks merit because the Attorney General certification spells out in detail what Campbell already knew—that the reason the agency refused to promote him was his disciplinary history. Because Campbell had been provided with the Items Comprising the Record, which contained all the documents related to Campbell's disciplinary history, the record was complete. Nothing would be accomplished either by compelling a further explanation or conducting a hearing. Even if we were to agree that the matter requires a return to the trial court, which we do not, the available information, the disciplinary record, serves that function. Nor do we agree that the unpublished case Campbell relies upon, which is neither precedential nor, strictly speaking, relevant, compels a contrary conclusion.

Campbell further argues the Attorney General's decision "was arbitrary and capricious." In order for Campbell to reach the high bar enabling him to invalidate agency action, the Attorney General's decision must violate express or implied legislative policies, not be supported by the record, and amount to an error of law. See Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995); In re M.M., 463 N.J. Super. 128, 136 (App. Div. 2020) (quotations and citations omitted). We

affirm unless we conclude, after reviewing agency action, that it is arbitrary, capricious, unreasonable, or unsupported by the credible evidence in the record, keeping in mind those basic principles. Ibid.

After a sterling career, Campbell appeared to have been involved in three separate incidents in 2015, two of which resulted in disciplinary action and the third in additional training. 2015 was the year following Campbell's promotion to a position calling for supervisory skills. It is noteworthy that all the disciplinary history relates to his interactions with others, a responsibility that would only increase with further promotion. Given this circumstance— Campbell's difficulties as he adjusted to a new role—we cannot say that the decision to deny him promotion at that time was arbitrary, capricious, or unreasonable. The Attorney General followed the law, had uncontroverted substantial evidence of Campbell's disciplinary problems, and applied the legislative policies to the facts.

Finally, Campbell questions the Attorney General's statutory authority to review with finality recommendations for promotion, arguing the plain language limits his ability to deny a promotion for only budgetary considerations. We consider the argument to be so lacking in merit as to not require much discussion in a written opinion. R. 2:11-3(e)(1)(E).

7

The statute states:

> Notwithstanding any other provision of law, the rank and grade of any member of the State Police may be changed from time to time, and the number of personnel increased, by the superintendent of State Police where such change or increase is necessary for the efficient operation of the Division of State Police in the Department of Law and Public Safety; provided, the action of the said superintendent in making any such change or increase, shall be approved by the head of said department. No such change or increase shall be made unless it can be effected within the limitations of the appropriations for the said division.
>
> [N.J.S.A. 53:1-5.2.]

The Attorney General is the "head of [the] department." N.J.S.A. 52:17B-2. The last sentence of the statute, to which Campbell draws our attention, does nothing more than require changes or increases within the division to be made "within the limitations of the appropriations" of the division. In other words, it requires that changes or increases be properly funded by the budget. This has no impact on this case. No one challenges the denial of the promotion as leading to expenditures outside the budget. The language patently does not limit the head of the department's authority to only those situations in which change would result in expenditures outside the budget.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4004-18T2